AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

SO ORDERED.

*Cathy Seibel* 06/03/25
CATHY SEIBEL, U.S.D.J.

Richard Overton, Jacquan Harris, and Dwyane Pennan )
　　　　　　　　*Plaintiff* )
　　　　　v. )　　Civil Action No. 25-CV-1745 (CS)
City of Mount Vernon, et al., )
　　　　　　　　*Defendant* )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:　Westchester County Court, Attn: Clerk
　　111 Dr. Martin Luther King, Jr., Blvd, White Plains, NY 10601

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
All records in the following three court files: People v. Richard Overton, Ind. No. 18-0303; People v. Jaquan Harris, Ind. No. 18-0406; People v. Dwayne Pennant, Ind. No. 18-0367

| Place: The Quinn Law Firm, PLLC, 399 Knollwood Road White Plains, NY 10603 | Date and Time: 06/26/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/03/2025

*CLERK OF COURT*

_____　　OR　　_____
*Signature of Clerk or Deputy Clerk*　　　　　　　　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* City of Mt Vernon
_____, who issues or requests this subpoena, are:
Quinn Laww Firm, PLLC, 399 Knollwood Road, White Plains, NY 10603 (914) 997-0555, Attn: Lalit K. Loomba, Esq., lloomba@quinnlawny.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50[1][d]**

    I, RICHARD OVERTON, Date of Birth [REDACTED] pursuant to CPL Section 160.50[1][d], hereby designate THE CITY OF MOUNT VERNON DEPARTMENT OF LAW and the QUINN LAW FIRM PLLC, 399 Knollwood Road, Suite 220, White Plains, New York, 10603, or their authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. Richard Overton, Indictment No. 18-0303, in Criminal Court, County of Westchester, State of New York, may be made available.

    I understand that until now the aforesaid records have sealed pursuant to CPL Section 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

    I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL Section 160.50.

    The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL Section 160.50.

    I further authorize the release of a list from the applicable municipal, county, or State police entities that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_____
RICHARD OVERTON

STATE OF NEW YORK    )
                                   :
COUNTY OF Westchester  )

On 29 May 2025, before me personally came RICHARD OVERTON, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
Conor McCutcheon
NOTARY PUBLIC

CONOR E MCCUTCHEON
Notary Public - State of New York
NO. 01MC0036305
Qualified in Westchester County
My Commission Expires Apr 17, 2029

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, JAQUAN HARRIS, Date of Birth ███████ pursuant to CPL Section 160.50[1] [d], hereby designate THE CITY OF MOUNT VERNON DEPARTMENT OF LAW and the QUINN LAW FIRM PLLC, 399 Knollwood Road, Suite 220, White Plains, New York, 10603, or their authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. Jaquan Harris, Indictment No. 18-0406, in Criminal Court, County of Westchester, State of New York, may be made available.

I understand that until now the aforesaid records have sealed pursuant to CPL Section 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL Section 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL Section 160.50.

I further authorize the release of a list from the applicable municipal, county, or State police entities that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_____
JAQUAN HARRIS

STATE OF NEW YORK  )
                   :
COUNTY OF          )

On May 22nd 2025, before me personally came JAQUAN HARRIS, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

JEFFREY VALDEZ
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01VA6419537
Qualified in Westchester County
Commission Expires July 12 2025

_____
NOTARY PUBLIC

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, DWAYNE PENNANT, Date of Birth ▮▮▮▮, pursuant to CPL Section 160.50[1][d], hereby designate THE CITY OF MOUNT VERNON DEPARTMENT OF LAW and the QUINN LAW FIRM PLLC, 399 Knollwood Road, Suite 220, White Plains, New York, 10603, or their authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. Dwayne Pennant, Indictment No. 18-0367, in Criminal Court, County of Westchester, State of New York, may be made available.

I understand that until now the aforesaid records have sealed pursuant to CPL Section 160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL Section 160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL Section 160.50.

I further authorize the release of a list from the applicable municipal, county, or State police entities that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_Dwayne Pennant_
DWAYNE PENNANT

STATE OF NEW YORK )
COUNTY OF Westchester )

On May 30, 2025, before me personally came DWAYNE PENNANT, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_Rita Timlin_
NOTARY PUBLIC

RITA D. TIMLIN
Notary Public, State of New York
No. 4896705
Qualified in Westchester County
Commission Expires October 26, 2025

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
 **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
 **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
 **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
 **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
 **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).